# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0155V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| MICHAEL CERICOLA, | * |
| | *    Special Master Oler |
|             Petitioner, | *    Filed: July 19, 2019 |
| v. | * |
| | *    Petitioner's Motion for a Decision; |
| SECRETARY OF HEALTH | *    Dismissal of Petition; Vaccine |
| AND HUMAN SERVICES, | *    Act; Denial Without Hearing. |
| | * |
|             Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.
*Heather Lynn Pearlman*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On January 31, 2018, Michael Cericola ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that he suffered from a right Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of the influenza ("flu") vaccination that he received on October 3, 2016. Petition ("Pet.") at 1, ECF No. 1. This case was originally assigned to Chief Special Master Nora Beth Dorsey as part of the Special Processing Unit. ECF No. 4.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On May 20, 2019, Respondent filed a Rule 4(c) Report. ECF No. 24. Respondent stated that Petitioner had not satisfied his burden of proof, specifically noting that Petitioner had not provided medical records or a medical expert report establishing the following, that: (1) Petitioner's vaccination was administered in the right shoulder, (2) Petitioner right shoulder injury did not predate his vaccination, (3) Petitioner's onset of right shoulder pain occurred within 48 hours of vaccination, and (4) Petitioner's right shoulder pain was consistent with SIRVA. *Id*. at 4-5. Respondent further argued that Petitioner had failed to establish that "he suffered the residual effects or complications of his alleged shoulder injury for more than six months after vaccine administration as required by Section 11(c)(1)(D) of the Vaccine Act." *Id*. at 6.

This case was reassigned to my docket on May 30, 2019. ECF No. 26.

On July 19, 2019, Petitioner filed the present motion to dismiss his claim and a supplemental declaration, indicating that "[a]n investigation of the facts and science supporting his case has demonstrated to [Petitioner] that he will be unable to prove that he is entitled to compensation in the Vaccination Program." *See* Petitioner's Motion to Dismiss, ECF Nos. 29-31.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim, therefore, cannot succeed and in accordance with his motion, must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.