# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-155V
### Filed: March 24, 2020

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| MICHAEL CERICOLA, | UNPUBLISHED |
| Petitioner, | |
| v. | Special Master Katherine E. Oler |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Attorneys' Fees & Costs; Reasonable Basis |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.
*Heather L. Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON FINAL ATTORNEYS' FEES AND COSTS**[1]

On January 31, 2018, Michael Cericola ("Petitioner" or "Mr. Cericola") filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program")[2] alleging he suffered from a right Shoulder Injury Related to Vaccine Administration ("SIRVA") from the flu vaccination he received on October 3, 2016. Pet. at 1, ECF No. 1. On July 12, 2019, Petitioner filed a Motion for Decision Dismissing his Petition. ECF No. 30. An

---

[1] This Decision will be posted on the Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). If, upon review, I agree that the identified materials fit within this definition, I will redact such material from public access. Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

amended motion to dismiss was filed on July 19, 2019.  ECF No. 31.  On the same day, I issued a decision dismissing the petition for insufficient proof.  ECF No. 32.

On September 11, 2019, Petitioner filed a Motion for Attorneys' Fees and Costs.  Fees App., ECF No. 36.  Petitioner requested attorneys' fees in the amount of $10,451.10 and costs in the amount of $557.54.  Fees App. at 5.  Petitioner did not personally incur any costs in the prosecution of this case.  *See* General Order #9 Statement, ECF No. 36-4.  Respondent filed a Response on September 24, 2019, opposing the Fees Application filed by Petitioner on the grounds that Petitioner failed to establish reasonable basis.  Fees Resp. at 1, ECF No. 37.  On October 1, 2019, Petitioner filed a Reply to Respondent's Response disputing that there was no reasonable basis and requested additional attorneys' fees, in the amount of $1,620.00, for drafting of the Reply Brief.  Fees Reply, ECF No. 38.  For the reasons set forth below, Petitioner's motion for attorneys' fees and costs is **GRANTED IN PART**.  I award Petitioner **$11,849.54** in attorneys' fees and costs.

**I.      Petitioner's Relevant Medical History**

Mr. Cericola was born on November 11, 1968.  Pet. at 1.  Petitioner is a generally healthy man who suffers from seasonal allergies, migraines, and pleurisy.  Declaration of Michael Cericola, Ex. 1 at 1.  Prior to the allegedly causal flu vaccination, Petitioner sought treatment for neck and back pain due to sitting for long spans of time at work at Heavenly Health Massage.  Ex. 12 as 1-3.

On October 3, 2016, Petitioner received the allegedly causal flu vaccination from CVS.  Ex. 9 at 1.  The Vaccine Consent and Administration Record from CVS notes that the site of vaccine administration as "Left Deltoid".  *Id.*  Petitioner states in his Petition and affidavit that the vaccine was administered in his right arm.  *See* Pet. at 1; *see also* Declaration and Supplemental Declaration of Michael Cericola.

Petitioner sought treatment for his shoulder pain at In Touch Therapeutic Massage.  Ex. 4 at 2.  In an Intake Form for In Touch Therapeutic Massage, Petitioner noted he was seeking treatment for back and shoulder pain and wrote, "Back and shoulders knots – work posture + stress."  *See* Ex. 4 at 1.

Petitioner had a number of doctor visits after his vaccination, none of which noted his shoulder injury.

On March 27, 2017, Petitioner saw Dr. Todd Fowler, M.D. at Watauga Orthopaedics.  Ex. 8.  Dr. Fowler notes,

> Oct 2016 pt got a Flu shot and has had shoulder pain since. c/o posterior/lateral should pain with symptoms radiating to upper arm and elbow, just pain, denied neuro type symptoms, denied pops or click, good full ROM with minimal discomfort, some weakness and pain while working out at the gym.

Ex. 8 at 2.  Petitioner was assessed with "strain of shoulder muscle" and "shoulder joint pain" and received a recommendation to attend physical therapy.  *Id.*

For an unknown period of time[3], Petitioner was treated by Wiley Greene, D.C. ("Doctor of Chiropractic"). Records from Greene Clinic were filed for visits on 11/30/2016, 2/8/2017, 2/15/2017, 2/22/2017, and 4/21/2017. *See* Ex. 5. However, the records filed reflect a date of birth of August 27, 1955, which is not Petitioner's date of birth. *See* Ex. 5. These medical records note both right shoulder pain and back pain. *Id.*

No other medical records filed were pertinent to the issues to be addressed in this decision.

## II.   Procedural History

Petitioner filed his Petition on January 31, 2018. ECF No. 1. This case was assigned to the Special Processing Unit ("SPU") on February 1, 2018 and an Initial Order was issued. ECF Nos. 4, 5. Petitioner filed medical records on February 9, 2018, May 18, 2018, and January 24, 2019. Exs. 2, 4, 5, 7, 8, 9, 11, 12, 13, 14, 15, 16.

On May 20, 2019, Respondent filed a Rule 4(c) Report. Resp't's Rep., ECF No. 24. This case was reassigned to my docket on May 30, 2019. ECF No. 26.

On July 12, 2019, Petitioner filed a supplemental declaration stating he no longer wished to pursue his claim due to the "delays" and "state of the vaccine court." Ex. 17 at 1. On the same day, Petitioner filed a Motion to Dismiss pursuant to Rule 21(b). ECF No. 20. An Amended Motion to Dismiss was filed on July 19, 2019. I issued a Decision Dismissing Case for Insufficient Proof on July 19, 2019. ECF No. 32.

Petitioner filed a Motion for Attorneys' Fees and Costs on September 11, 2019. Fees App., ECF No. 36. Respondent filed a Response to the Motion on September 24, 2019. Fees Resp., ECF No. 37. On October 1, 2019, Petitioner filed a Reply to Respondent's Response. Fee Reply, ECF No. 38.

The matter of final attorneys' fees and costs in this case is now ripe for a decision.

## III.   Parties' Arguments

Respondent argues that Petitioner has failed to establish a reasonable basis for his claim and is not entitled to an award of attorneys' fees and costs. Fees Resp. at 1. Respondent points to § 13(a)(1) of the Vaccine Act, which states that a special master may not award compensation "based on the claims of the petitioner alone, unsubstantiated by medical records or by medical opinion." *Id*. at 5. Citing the Federal Circuit's decision in *Perreira*, Respondent argues that in a reasonable basis inquiry, "a court should look not at the likelihood of success, but instead assess the feasibility of the claim, and [P]etitioner must offer more than an unsupported assertion that a vaccine caused an injury." *Id.*; citing *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375 (Fed. Cir. 1994); *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl., 297, 303-304 (2011).

---

[3] As noted in Respondent's Opposition to Petitioner's Application for Attorneys' Fees and Expenses, Petitioner's medical records indicate that he had seen a "Dr. Green" for acupuncture and chiropractic services, dating back to 2015.

Respondent argues that prior to accepting a case, "an attorney should be able to distinguish a case that has reasonable underpinnings from one that does not." *Id.*; citing *Murphy v. Sec'y of Health & Human Servs.*, 30 Fed. Cl. 60, 62 (1993), *aff'd,* 48 F.3d 1236 (Fed. Cir. 1995). Respondent further points out that the evaluation of whether there is a reasonable basis for the claim must focus on whether there is evidentiary support set forth in the petition. *Id.* at 6; citing *Simmons v Sec'y of Health & Human Servs.,* 875 F.3d 632, 636 (Fed. Cir. 2017).

Respondent argues Petitioner failed to establish a reasonable basis for his claim because of numerous inconsistencies with his filings. *See generally* Fees Resp. at 6-7. Respondent first notes that the vaccination record states the site of vaccination is the left deltoid. *Id.* at 6. Additionally, Petitioner received prior physical therapy treatment for back and shoulder pain. *Id.* at 7; *see also* Ex. 4. Respondent also notes the incompleteness of Petitioner's physical therapy records and that the physical therapy records filed in the case do not necessarily corroborate Petitioner's alleged onset of symptoms. Fees Resp. at 7. Finally, Respondent suggests that Petitioner's shoulder pain is inconsistent with a typical SIRVA injury. *Id.* at 7.

In support of his reasonable basis claim, Petitioner references the two letters from chiropractors who treated him for right arm and shoulder pain, as well as medical records linking Petitioner's shoulder pain to the October 3, 2016 vaccine. Fees Reply at 2-3. Petitioner's counsel also notes that he has settled cases where the vaccination records lists incorrect sites of vaccination. *Id.* at 3.

### IV. Legal Standard

Under the Vaccine Act, an award of reasonable attorneys' fees and costs is presumed where a petition for compensation is granted. Where compensation is denied, or a petition is dismissed, as it was in this case, the special master must determine whether the petition was brought in good faith and whether the claim had a reasonable basis. § 15(e)(1).

#### A. Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Human Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

#### B. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree*

4

*v. Sec'y of Health & Human Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290. *See also Turpin v. Sec'y Health & Human Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Human Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Human Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Human Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of*

*Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

### C. Attorneys' Fees and Costs

The Vaccine Act permits reimbursement of "reasonable" attorneys' fees and costs. § 15(e)(1). Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). The Federal Circuit has endorsed the use of the lodestar approach, in which a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The court may then make an upward or downward departure from the initial calculation based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, attorneys' costs are also subject to a reasonableness requirement. *See Perreira*, 27 Fed. Cl. 29 at 34.

Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). However, Special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd* No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cl. 1993).

## V. Discussion

### A. Good Faith

Petitioners are entitled to a presumption of good faith. *See Grice*, 36 Fed. Cl. 114 at 121. Respondent has not represented that they are contesting good faith in this matter. *See generally* Fees Resp. Based on my own review of the case, I find that Petitioner acted in good faith when filing this petition.

### B. Reasonable Basis

Respondent's objections to reasonable basis rests on the vaccination record citing the left deltoid as the vaccination site and the inconsistent and incomplete physical therapy records, and Petitioner's history of back and shoulder pain. *See generally* Fees Resp. As noted above, the standard for establishing reasonable basis is much lower than that required to prevail on a vaccine-injury claim. *Chuisano,* 116 Fed. Cl. 276 at 287. However, Petitioner is still required to provide *some* evidence of a reasonable expectation of establishing causation. *Bekiaris*, 2018 WL 4908000, at *6.

The medical record from Petitioner's visit with Dr. Fowler, an orthopedist, on March 27, 2017, indicates that Petitioner had shoulder pain that radiated from his shoulder to his upper arm and elbow, and originated from his October 2016 flu shot. Respondent correctly notes that this medical visit occurred after Petitioner met with an attorney to pursue his vaccine claim. The standard to establish reasonable basis is lower than the preponderant evidence standard required to establish causation in fact. Although the timing of this medical visit may well reduce the weight I assign to it, this document still constitutes some evidence. Accordingly, I find the March 27, 2017 medical record is sufficient to establish that there was reasonable basis to file the petition.

## VI.   Attorneys' Fees

Petitioner requests a total of $12,628.64 in attorneys' fees and costs. *See* Fees App. at 5, Fees Reply at 8-9.

### A. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. See *McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in McCulloch and has issued a Fee Schedule for subsequent years.[4]

Petitioner requests the following hourly rates for the attorney and paralegals who have worked on this matter to date:

| Name | 2017-2018 | 2019 |
|---|---|---|
| Jeffrey S. Pop | $420.00 | $453.00 |
| Alexandra B. Pop | $225.00 | $262.00 |
| Paralegals | $150.00 | $156.00 |

---

[4] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.
The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

The requested rates for paralegals, Ms. Pop, and Mr. Pop are consistent with what they have previously been awarded. *See generally* Fees App. at 4-5. These rates are also in line with the OSM Attorneys' Forum Hourly Rate Fee Schedule.[5] Accordingly, I find the requested rates to be reasonable and find that no adjustment is warranted.

### B. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Petitioner's counsel has provided a breakdown of hours billed and costs incurred. Ex. 1. of Fees App; Ex. 1 of Fees Reply. I find the hours to be largely reasonable but a slight reduction in the number of hours billed is necessary for the billing of administrative tasks. Notably, Mr. Pop billed 5.1 hours from 2017-2018 and 4.4 hours in 2019 but his hours include reviewing CM/ECF notifications. While some notifications warrant more detailed review, many of them do not. Thus, I will subtract 1.1 hours from 2017-2018 (0.1 hours for 1/31/18 entry, 0.2 hours for two 2/1/2018 entries, 0.1 hours for 2/13/19 [sic] entry, 0.1 hours for 2/13/2018 entry, 0.1 hours for 3/19/2018 entry, 0.1 hours for 5/23/18 entry, 0.1 hours for 7/27/18 entry, 0.1 hours for 9/28/18 entry, 0.1 hours for 10/18/18 entry, 0.1 hours for 12/17/18 entry) and 0.7 hours for 2019 (0.1 hours for 2/5/19 entry, 0.1 hours for 3/19/19 entry, 0.1 hours for 3/21/19 entry, 0.1 hours for 5/23/19 entry, 0.1 hours for 5/29/19 entry, 0.1 hours for 5/31/19 entry, and 0.1 hours for 6/18/19 entry). These reductions ($462.00 for 2017-2018 and $317.10 for 2019) total **$779.10**. I award all other requested fees in full.

Total attorneys' fees to be awarded: **$11,292.00**.

### C. Reasonable Costs

Petitioner requests a total of **$557.54** in filing fees, medical records, postage costs and expert fees. I have reviewed the supporting documentation and find that it supports the requested costs. I award all requested costs in full.

---

[5] The 2019 Fee schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.

Total costs to be awarded: **$557.54**.

## VII. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

A lump sum in the amount of **$11,849.54**, representing reimbursement of Petitioner's final attorneys' fees and costs in the form of a check jointly payable to Petitioner and his attorney, Jeffrey Pop.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.